# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# <u>TAMPA DIVISION</u>

| | |
|---|---|
| SCOTT NASZKIEWICZ, Individually and on behalf of other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONRO MUFFLER BRAKE, INC. d/b/a THE TIRE CHOICE & TOTAL CAR CARE,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Case No.: 18-cv-02743<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Defendant Monro, Inc. (referred to in the Complaint as "Monro Muffler Brake, Inc. d/b/a Monro Muffler Brake & Service") ("Defendant") by its attorneys, Nixon Peabody LLP, hereby Answer Plaintiff's Complaint as follows:

## **JURISDICTION AND VENUE**

1. The allegations in Paragraph 1 purport to state the jurisdictional basis for the Complaint and contain no allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

2. The allegations in Paragraph 2 purport to state the basis for venue in this action and contain no allegations of fact for which an answer is required; insofar as an answer may be required, the allegations are denied.

## **PARTIES**

3. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 3 of the Complaint.

4. Admits.

5. The allegations in Paragraph 5 state a legal conclusion and contain no

allegations of fact for which an answer is required; insofar as an answer may be deemed required, the allegations are denied.

## GENERAL ALLEGATIONS

6. Denies.

7. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 7 of the Complaint

## FACTUAL ALLEGATIONS

8. Denies except admits Plaintiff was hired by Defendant in 2014.

9. Denies.

10. Denies except admits that Defendant's records reflect that he worked over forty hours in a work week in approximately ninety weeks during the relevant period.

11. Denies.

12. Denies.

13. Denies.

## COUNT I
## FAIR LABOR STANDARDS ACT

14. Defendant repeats and re-alleges each of the responses set forth above.

15. Denies.

16. Denies.

17. Denies.

18. Denies.

## COUNT II

19. Defendant repeats and re-alleges each of the responses set forth above.

20. Denies.

21. Denies.

22. Denies.

23. Denies.

24. Denies.

Defendant further denies that Plaintiff is entitled to any relief requested in the "Wherefore" clause following paragraph 24 or to any other relief.

## DEMAND FOR TRIAL BY JURY

This paragraph purports to request a jury trial and does not appear to require an answer; to the extent that an answer is deemed required, Defendant demands a trial by jury.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

All or some of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief under the FLSA because he was fully and justly compensated for all time he was suffered or permitted to work.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff worked and was not compensated, Plaintiff is not entitled to any relief under the FLSA because he worked without the knowledge of his employer and/or failed to inform his employer of the time worked.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief under the FLSA because the alleged work activities which form the basis of his claims were *de minimis*.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the FLSA are barred to the extent that Plaintiff seeks additional compensation for noncompensable preliminary or postliminary activities.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the FLSA are barred because Defendant has acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, interpretations, administrative practices and enforcement policies of the respective federal and state departments of labor.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Defendant has acted without willfulness, in good faith and with reasonable grounds for believing that it is and at all relevant times were complying with all applicable provisions of the FLSA.  Accordingly, Plaintiff is barred from recovering liquidated damages under the FLSA.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he was an "exempt" employee within the meaning of the FLSA.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or his damages should be reduced, to the extent he was paid extra compensation which is creditable towards or a setoff against the

additional compensation sought in this action, pursuant to 29 U.S.C. § 207(h) or otherwise.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has received full payment for all work performed.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages as a result of the matters alleged in the Complaint, such damages were caused in whole or in part by Plaintiff's own culpable conduct, including Plaintiff's failure to inform their supervisors of all time worked.  Any judgment recovered by Plaintiff must be reduced in proportion to the extent his culpable conduct contributed to the alleged damages.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord, satisfaction, estoppel, and/or waiver.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to sue on behalf of the purported members of the alleged collective action.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

4840-6985-6890.1

Plaintiff's claims are not appropriate for collective action treatment because plaintiffs are not similarly situated to the persons that they purport to represent, and thus cannot satisfy the requirements of a collective action under 29 U.S.C. § 216(b).

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Without conceding any arguments or defenses to the contrary, if the Court certifies a collective action in this case, then the defendants assert the affirmative defenses set forth herein against each member of the certified collective action.

**WHEREFORE**, Defendant requests judgment dismissing the Complaint with prejudice, together with costs and disbursements of this action, including attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated:  December 14, 2018

NIXON PEABODY LLP

  */s/ Stephen J. Jones*
Steven J. Jones (admitted pro hac)
New York State Bar No. 3904794
Email: sjones@nixonpeabody.com
Todd R. Shinaman (admitted pro hac)
New York State Bar No. 2236537
Email: tshinaman@nixonpeabody.com
1300 Clinton Square
Rochester, New York 14614
Tel: (585) 263-1000
Fax: (585) 263-1600

GARLICK, SWIFT & GARRY, LLP

Richard J. Swift, Jr.
Florida Bar No. 584861
Email: rswift@garlaw.com
5150 Tamiami Trail N., Suite 501
Naples, Florida 34103
Tel: (239) 597-7088
Fax: (239) 597-6984

*Attorneys for Defendant*